UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY L. ENGEL,

                Plaintiff,                          Case No. 17-13595

v

COMMISSIONER OF SOCIAL SECURITY,        Honorable Thomas L. Ludington

                Defendant.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, GRANTING PLAINTIFF'S MOTION FOR REMAND, AND
REMANDING THE CASE TO COMMISSIONER**

Plaintiff Terry Engel brings this action for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. Plaintiff alleges that his disability began on May 1, 2014, at the age of 43. (R. at 135.) In his December 11, 2014 disability report, he lists several conditions (coronary artery disease (CAD) and heart attacks) that limit his ability to work. (R. at 164.) His application was denied on March 16, 2015. (R. at 61-71.)

On April 2, 2015, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (R. at 84-85.) On September 30, 2016, ALJ Paul W. Jones held a hearing, at which Plaintiff and a vocational expert (VE), Zach Matthews, testified. (R. at 33-60.) ALJ Jones issued an opinion on October 27, 2016, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 17-32.) On November 21, 2016, Plaintiff submitted a request for review of the hearing decision/order. (R. at 134.) However, on September 18, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) Thus, ALJ Jones's decision became the Commissioner's final decision.

On November 3, 2017, Plaintiff commenced this action for judicial review. ECF No. 1. The matter was referred to Magistrate Judge Anthony P. Patti. Plaintiff filed a motion for remand pursuant to Sentence Four of 42 U.S.C. 405(g) and the Commissioner filed a motion for summary judgment. ECF No. 17, 21. On February 13, 2019, Judge Patti issued a report, recommending that Plaintiff's motion for remand be granted, that Defendant's motion be denied, and that the matter be remanded to the Commissioner for action consistent with his report. ECF No. 23. Defendant filed timely objections on February 27, 2019. ECF No. 24.

**I.**

In making his decision that Plaintiff was not disabled, the ALJ considered the assessment by Dr. Kure, Plaintiff's treating physician. Among other conclusions, Dr. Kure determined that Plaintiff could walk two city blocks without rest or severe pain and could stand or walk for about two hours in an eight-hour work day with normal breaks. (R. at 403.) He also determined that Plaintiff could never carry ten, twenty, or fifty pounds in a competitive work environment. (*Id.* at 404).

The ALJ discussed Dr. Kure's assessment with Plaintiff during the hearing.

Q. [ALJ] He says – he's given me a statement here, a medical source statement, gave to Mr. Marutiak. He says you can -- in an eight-hour day, working day, you could stand or walk for about two hours. Do you agree with Dr. Cure on that one?

A. [Plaintiff] I could stand or –

Q. Stand or walk for about two hours out of an eight-hour workday.

A. There is no way I could walk, not for two hours straight even standing.

Q. He said some other things in here, but he says you can never lift ten pounds. Is that true?

A. I mean, I can physically lift more than that.

Q. Yes, I mean, your –

A. Like if I have to carry in dog food, that's, what, a 25-pound bag –

Q. Yes.

> A. – I generally leave it for my kids to carry in.
>
> Q. Right.
>
> A. But if I have to, I can get it in, and then I just have to sit down for a half-hour and catch my breath, and –
>
> Q. But it's not true that you never lift ten pounds?
>
> A. I don't think so, no. I mean, a gallon of milk weighs what, four or five pounds? I don't know.
>
> Q. They always tell me it weighs eight pounds. I don't know.
>
> A. Eight pounds? There you go. Yeah, I don't know. Yeah, I can lift a gallon of milk.

(R. at 55-56.)

Within his assessment of Plaintiff's RFC, the ALJ only gave "some weight" to Dr. Kure's assessment. The ALJ explained

> Although the treating physician, I give some weight to the assessment of Dr. Kure. First, the determination and issues of whether claimant is disabled are reserved to the commissioner. Second, the treatment records and the follow up office visit reports from other treating physicians do not support the severity of limitations as opined by Dr. Kure. (*See* Exhibits 2F, 9F, and 12F).
>
> Additionally, on August 2, 2016, Dr. Kure prepared a cardiac medical source statement (MSS). The report indicated that claimant…could walk two blocks without rest or severe pain. He could sit for four hours, and stand and walk for about two hours without the need to shift positions or take unscheduled breaks. Claimant could lift less than ten pounds…Again, although the treating physician, I give some weight to the assessment of Dr. Kure. Contrary to Dr. Kure's assessment, claimant admitted at the hearing that he could lift more than ten pounds. He testified that he could sometimes bring a bag of dog food home. He could lift a gallon of milk. Additionally, contrary to Dr. Kure's assessment, claimant testified that he could not stand or walk for two hours straight. The adopted residual functional capacity adequately accommodates claimant's limitations to the extent supported by the medical evidence, including the treatment records.

(R. at 24–25).

Judge Patti determined that the ALJ had erred when he applied Dr. Kure's assessment. ECF No. 23. 20 C.F.R. §404.157(c) provides, "Unless we [the Commission] give a treating source's medical opinion controlling weight…we consider all of the following factors in deciding the

- 3 -

weight we give to any medical opinion." The factors considered are the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors. *See* 20 C.F.R. §404.157(c). Judge Patti found that the ALJ had mischaracterized "Plaintiff's testimony about lifting and/or carrying that materially undermines one of the ALJ's two supportability and/or consistency reasons for discounting Dr. Kure's cardiac MSS." ECF No. 23 at 17–18. Accordingly, Judge Patti recommended that Plaintiff's case be remanded. *Id.*

## II.

### A.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the

basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Defendant raises two objections to the report and recommendation, which will be addressed in turn.

### A.

First, Defendant contends that the ALJ "reasonably found an inconsistency between Plaintiff's testimony about his ability to lift and treating physician Dr. Kure's opinion about that issue." ECF No. 24 at 1. Dr. Kure determined that Plaintiff could never "lift and carry in a

competitive work situation" ten, twenty, or fifty pounds. (R. at 404.) At the hearing, Plaintiff, in attempting to respond to the ALJ's questions, explained that he could lift a 25-pound bag of dog food, but that after doing so he would "have to sit down for a half-hour and catch [his] breath." (R. at 55.) Plaintiff's statement from the hearing does not, however, contradict Dr. Kure's assessment because Dr. Kure represented by contrast that Plaintiff could not lift and carry such weight "in a *competitive work situation*." (R. at 404) (emphasis added). That is, Plaintiff's assertion that he could lift 25 pounds, but would require thirty minutes of rest, does not squarely contradict Dr. Kure's assertion that he could never lift and carry such weight in a competitive work situation. Judging from Plaintiff's statement, he could lift such a weight incidentally and with time to recover, but not as a frequent task in a routine work environment.

The same is true regarding Plaintiff's statement about being capable of lifting a gallon of milk. The ALJ asked him

> Q. But it's not true that you never lift ten pounds?
>
> A. I don't think so, no. I mean, a gallon of milk weighs what, four or five pounds? I don't know.
>
> Q. They always tell me it weighs eight pounds. I don't know.
>
> A. Eight pounds? There you go. Yeah, I don't know. Yeah, I can lift a gallon of milk.

(R. at 55-56.) The ALJ's double negative, "not true that you never lift ten pounds", stated in the positive was asking Plaintiff whether he had ever lifted ten pounds. Plaintiff's response (stated in the positive) was that he thought he had lifted ten pounds before.

Plaintiff's statement is not inconsistent with Dr. Kure's assessment. Dr. Kure determined that Plaintiff could not lift and carry ten or more pounds in a competitive work environment. The ALJ's question was whether Plaintiff ever lifted ten pounds. Again, there is a difference between the ALJ's question and Dr. Kure's statement. The distinction is significant because it was on this

basis that the ALJ determined that there was an inconsistency between Dr. Kure's assessment and Plaintiff's statement. When examined more closely, the statements are not inconsistent.

**B.**

Second, Defendant contends that "the ALJ properly evaluated Plaintiff's ability to stand and walk." ECF No. 24 at 3. However, the issue is not whether the ALJ properly evaluated Plaintiff's ability, but instead, whether the ALJ gave proper weight to Dr. Kure's assessment. In his assessment, Dr. Kure answered the following questions:

> As a result of your patient's impairments, estimate your patient's functional limitations if your patient were placed in a ***competitive work situation***.
>
> a. How many city blocks can your patient walk without rest or severe pain?
>
> b. Please indicate how long your patient can sit and stand/walk ***total in an 8-hour working day*** (with normal breaks):

(R. at 403) (emphasis and bold in original). In response to the first question, Dr. Kure stated that Plaintiff could walk two city blocks. In response to the second question, Dr. Kure indicated that Plaintiff could stand or walk "less than 2 hours" and "about 2 hours." He also indicated that Plaintiff could sit for "about 4 hours." (R. at 403).

> During the hearing, the ALJ asked Plaintiff the following:
>
> Q. [Dr. Kure] says you can -- in an eight-hour day, working day, you could stand or walk for about two hours. Do you agree with Dr. Cure on that one?
>
> A. I could stand or –
>
> Q. Stand or walk for about two hours out of an eight-hour workday.
>
> A. There is no way I could walk, not for two hours straight even standing.

(R. at 55.)

Plaintiff's response to the ALJ's questions indicate that he misunderstood the ALJ's question. The ALJ asked Plaintiff if he could stand or walk for two hours during an eight-hour work day. The ALJ did not ask Plaintiff whether he could walk for two hours straight or stand for two hours continuously. However, Plaintiff emphatically responded that there was "no way [he] could walk, not for two hours straight…" Clearly Plaintiff thought the ALJ was asking him whether he could walk or stand for two hours without interruption or sitting. This differs from the ALJ's actual question (and Dr. Kure's assessment) in which he was asking whether Plaintiff could walk or stand for two hours total in the span of eight hours. Accordingly, Plaintiff's response is not inconsistent with Dr. Kure's assessment.

**C.**

The ALJ discounted Dr. Kure's assessment because of what he perceived as inconsistencies between Dr. Kure's assessment and Plaintiff's statements during the hearing. As explained above, Plaintiff's statements were not inconsistent or at least not necessarily inconsistent with Dr. Kure's assessment. The ALJ should not have discounted the assessment on that basis.

The ALJ also discounted Dr. Kure's assessment because "the treatment records and the follow up visit reports from other treating physicians do not support the severity of limitations as opined by Dr. Kure (*See* Exhibits 2F, 9F, and 12F)." (R. at 24.) However, besides a general reference to three exhibits, the ALJ did not explain how the opinions of the other treating physicians contradicted Dr. Kure's assessment.

In summary, the ALJ should not have discounted Dr. Kure's assessment on the perceived inconsistencies between the assessment and Plaintiff's testimony. Additionally, it is unclear how the opinion from the other treating physicians contradicted Dr. Kure's assessment and whether it would be correct to discount Dr. Kure's assessment on this basis alone.

**IV.**

Accordingly, it is **ORDERED** that Defendant's objections, ECF No. 24, are **OVERRULED**.

It is further **ORDERED** that Judge Patti's report and recommendation, ECF No. 23, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for remand, ECF No. 17, is **GRANTED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 21, is **DENIED.**

It is further **ORDERED** that Plaintiff's complaint is remanded to the Commissioner of Social Security for a determination consistent with this order**.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 20, 2019